IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN WILLIAM RIGONI,

    Petitioner,                  No. 2: 10-cv-0447 KJN P

    vs.

ANTHONY HEDGEPATH,            ORDER AND

    Respondent.              FINDINGS AND RECOMMENDATIONS

        Petitioner is a state prisoner proceeding without counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

        This action is proceeding on the original petition filed February 22, 2010. Petitioner challenges his 2006 conviction for assault by a life prisoner.[1] Petitioner was sentenced to nine years to life with the possibility of parole. The petition raises three claims. First, petitioner argues that the trial court violated state law as well as his right to due process by imposing a restitution order of $10,000. Second, petitioner argues that his trial counsel was ineffective in failing to object to the restitution order.

////

---

[1] At the time of the at-issue conviction, petitioner was already serving a sentence of 25 years to life under the Three Strikes Law for a different conviction. (Dkt. No. 1, at 10 of 25.)

1

Pending before the court is respondent's October 4, 2010 motion to dismiss on grounds that this action is barred by the statute of limitations. After carefully considering the record, the undersigned recommends that respondent's motion be granted.

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

According to the petition, on January 25, 2006, petitioner was sentenced and judgment was entered. (Dkt. 1, at 1 of 25.) Petitioner did not appeal. (Id.) Accordingly, petitioner's conviction became final on March 27, 2006, i.e. sixty days after the time for filing a direct appeal expired. See Cal. Ct. R. 8.308(a) ("[A] notice of appeal . . . must be filed within 60 days after the rendition of the judgment or the making of the order being appealed.") Therefore, petitioner had one year from March 27, 2006, in which to file a timely federal petition. The instant action, filed February 22, 2010, is not timely unless petitioner is entitled to statutory or equitable tolling[2].

---

[2] The record does not suggest that the statute of limitations runs from a later date.

The period of limitation is tolled while a "properly filed" application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2). Petitioner filed his first state habeas petition on April 21, 2009. (Dkt. 22-1, at 6 of 13.) Petitioner is not entitled to statutory tolling because he did not file his state habeas petitions within the limitation period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

In his present petition, petitioner suggests that he is entitled to equitable tolling. Equitable tolling is available to toll the one-year statute of limitations available to 28 U.S.C. § 2254 habeas corpus cases. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). A litigant seeking equitable tolling must establish: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). A petitioner who fails to file a timely petition due to his own lack of diligence is not entitled to equitable tolling. Tillema v. Long, 253 F.3d 494, 504 (9th Cir. 2001).

Petitioner alleges that on March 8, 2006, he arrived at Salinas Valley State Prison where he was placed on lockdown status for "the better part of his first two years." (Dkt. No. 1, at 12 of 25.) Petitioner alleges that on January 17, 2008, he was placed in administrative segregation when his first state petition was "finally ready" to be filed. (Id.) Petitioner argues that he has "fought an uphill battle with little knowledge and less resources." (Id.) Petitioner argues that his trial counsel failed to inform him of his right to file an appeal regarding the restitution order. (Id., at 13.)

Petitioner had one year from March 27, 2006, to file a timely federal petition. Petitioner does not explain how his placement on "lockdown" status during this time prevented him from filing a timely federal habeas petition. By the time petitioner was placed in administrative segregation in January 17, 2008, the limitations period had already run. Accordingly, petitioner's placement in administrative segregation does not constitute an "extraordinary circumstance" justifying equitable tolling.

1  Counsel's alleged failure to inform petitioner of his right to appeal the restitution
2 order does not constitute an "extraordinary circumstance" justifying equitable tolling.  See
3 Steiner v. McGrath, 2007 WL 1241957, at * 4 (N.D.Cal. 2007) (rejecting habeas petitioner's
4 contention that he was entitled to equitable tolling based upon his trial attorney's failure to advise
5 him of his right to appeal after such petitioner entered into a plea agreement); Perez v. Hedgpeth,
6 2009 WL 174145, at * 5 (E.D.Cal. 2009) (trial counsel's failure to advise habeas petitioner, who
7 pleaded guilty, of right to appeal and/or ability to seek collateral review does not present
8 extraordinary circumstance justifying equitable tolling).  At most, the alleged failure to so advise
9 petitioner constituted negligence.  However, negligence generally does not constitute an
10 extraordinary circumstance sufficient to warrant equitable tolling.  See, e.g., Lawrence v. Florida,
11 549 U.S. 327, 336 (2007) (attorney miscalculation of limitations period insufficient to warrant
12 equitable tolling); Miranda v. Castro, 292 F.3d 1063, 1068 (9th Cir. 2002) (appellate attorney's
13 provision of erroneous information regarding deadline to file habeas petition did not constitute
14 extraordinary circumstance); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001)
15 (miscalculation of limitations period by counsel and counsel's negligence in general do not
16 constitute extraordinary circumstances sufficient to warrant equitable tolling).  Rather, attorney
17 misconduct may constitute an extraordinary circumstance warranting equitable tolling only where
18 the conduct is "sufficiently egregious." Spitsyn v. Moore, 345 F.3d 796, 800, 801 (9th Cir. 2003)
19 (equitable tolling warranted where attorney was hired nearly a full year in advance of the
20 deadline but completely failed to prepare and file a petition, was contacted by petitioner and his
21 mother numerous times by telephone and in writing, and retained the file beyond the expiration
22 of the statute of limitations).  This is not such a case.
23  Petitioner's ignorance of the law also does not constitute an "extraordinary
24 circumstance" justifying equitable tolling.  Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir.
25 2006).
26 ////

For the reasons discussed above, petitioner is not entitled to equitable tolling. Because this action is barred by the statute of limitations, respondent's motion to dismiss should be granted.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall assign a district judge to this action;

IT IS HEREBY RECOMMENDED that respondent's October 4, 2010 motion to dismiss (Dkt. No. 22) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 12, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

rig447.mtd